UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARREN NEESE,

        Plaintiff,

v.                                     Case No.  3:13-cv-1588-J-34JRK

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff, who is proceeding <u>pro</u> <u>se</u>, initiated the instant action on November 8, 2013, by filing a seven-count Verified Complaint (Doc. No. 2; Complaint) in the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida.  Defendant filed Defendant's Notice of Removal (Doc. No. 1; Notice) on December 23, 2013, removing the case on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § § 1441(a) and 1446.  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.  <u>See id.</u>  Here, each subsequent

count of the seven counts in the Complaint incorporates by reference all of the allegations of the preceding counts. See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151-52 (11th Cir. 2011)). Accordingly, because the instant Complaint is an impermissible shotgun pleading, the Court will strike it and allow Plaintiff to file an amended complaint.[1]

---

[1] The Court notes that the footnotes in Plaintiff's Complaint are illegible. Therefore, the Court also directs Plaintiff to ensure that all text in the amended complaint and any subsequent filings is clear and legible.

In light of the foregoing, it is **ORDERED**:

1.      Plaintiff's Verified Complaint (Doc. No. 2) is **STRICKEN**.

2.      Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **February 5, 2014**.  Failure to do so may result in a dismissal of this action.

3.      Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers on December 31, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record

Pro se party